

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-23-00127-CR
_____


ZAVARION CAYMOND CHRISTOPHER SWAIN, Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 1927572



Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

Pursuant to a plea agreement, Zavarion Caymond Christopher Swain pled guilty to aggravated robbery, a first-degree felony. *See* TEX. PENAL CODE ANN. § 29.03. The trial court withheld a finding of guilt and placed him on ten years' deferred adjudication community supervision. On March 16, 2023, the State filed a motion to proceed with adjudication of guilt, alleging that Swain had violated several conditions of his community supervision. Swain pled true to all but one of the State's allegations against him.[1] The trial court accepted Swain's pleas of true and proceeded to the sentencing phase. After hearing from witnesses for both sides, the trial court sentenced Swain to twelve years' confinement in prison. Swain appeals.

Swain's attorney filed a brief stating that she reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the trial court proceedings. Since counsel provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On October 27, 2023, counsel mailed to Swain copies of the brief, the appellate record, and the motion to withdraw. Swain was informed of his rights to review the record and file a pro

---

[1]The State agreed to abandon that specific allegation.

2

se response. On December 14, 2023, the Court informed Swain that the case would be set for submission on the briefs on January 4, 2024. We received neither a pro se response from Swain nor a motion requesting an extension of time in which to file such a response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *Id.*

We affirm the judgment of the trial court.[2]

Scott E. Stevens
Chief Justice

Date Submitted: January 4, 2024
Date Decided: February 15, 2024

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.